UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF NEW YORK

---

HILDA L. SOLIS, Secretary of Labor,
United States Department of Labor,

                            Plaintiff,

v.

KDE EQUINE LLC,
a Limited Liability Company
d.b.a. STEVE ASMUSSEN STABLES
and STEVE ASMUSSEN, Individually
and as President

                            Defendants

Civil Action File
No. 12-CV-6368
LDW, ARL

CONSENT JUDGMENT

---

Plaintiff, the Secretary of Labor, has filed her Complaint and defendants KDE EQUINE LLC d.b.a. STEVE ASMUSSEN STABLES and STEVE ASMUSSEN, individually and as President, appeared by Counsel, waive their answer, and agree to the entry of this judgment without contest. By executing this Consent Judgment, defendants waive formal service of process of the summons and complaint in this matter.

Defendants KDE EQUINE LLC d.b.a. STEVE ASMUSSEN STABLES and STEVE ASMUSSEN, individually and as President, appeared by Counsel, acknowledge their responsibilities pursuant to this agreement, and acknowledge that they will be subject to sanctions in contempt of this court if they fail to comply with the provisions of this Judgment. It is, therefore, upon motion of the attorneys for plaintiff and for cause shown ORDERED that:

I. Defendants, their officers, employees, agents, and all persons acting or claiming to act in the defendants' behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair

Labor Standards Act of 1938, as amended, (29 U.S.C. Section 201 et seq.), (the Act), in any of the following manners:

(1) Defendants shall not, contrary to Section 6 of the Act, pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at rates less than those which are now, or which in the future may become, applicable under Section 6 of the Act.

(2) Defendants shall pay employees at time and one-half their regular hourly rates for all hours worked over 40 per week, and shall not, contrary to Section 7 of the Act, employ any of their employees in any workweek for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a) (2) of the Act, unless the employee receives compensation in compliance with the Act.

(3) Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to Section 11(c) of the Act and found at 29 CFR Part 516.

II. Defendants KDE EQUINE LLC d.b.a. STEVE ASMUSSEN STABLES and STEVE ASMUSSEN, individually and as President, are enjoined and restrained from withholding the payment of a total of **$29,095.97 ($19,397.31 in overtime compensation, plus $9,698.66 in liquidated damages)** due certain employees set forth in Exhibit A. Payment of this amount will be made in the total amount by **November 30, 2012** which is in accordance with the amount due and date set forth in Exhibit B.

Payment shall be made by cashier or certified check made payable to **"Wage and Hour Division - Labor"** with **"Case No. 1624187"** written on the face of each check.

The check shall be sent to:

**U.S. Department of Labor/Wage & Hour Division**
**The Curtis Center, Suite 850, West**
**170 S. Independence Mall West**
**Philadelphia, PA 19106-3317**

III. On or before the date indicated on Exhibit B, defendants shall send a copy of the check to:

**U.S. Department of Labor/Wage & Hour Division**
**1400 Old Country Road, Suite 410**
**Westbury, New York 11590-5119**
**Attn: Richard Mormile, Assistant Director**

IV. Neither defendants nor anyone acting on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid as back wages under this Judgment.

V. The plaintiff shall deliver the proceeds of the check less any legal deductions to the employees named on Exhibit A. Any sums not distributed to the employees or to their personal representatives, because of inability to locate the proper persons or because of such persons' refusal to accept such sums, shall be deposited with the Clerk of this Court who shall forthwith deposit such money with the Treasurer of the United States pursuant to 28 U.S.C. §2041 and §2042.

VI. Defendants shall provide to plaintiff the social security numbers and last known addresses of the defendants' employees and former employees to be paid under this judgment.

VII. If the defendants fail to make the payment on Exhibit B without making up the arrearage within two weeks after written notice to defendants, the entire balance shall become due and payable immediately.

VIII. Defendants shall place FLSA posters in English and in any other language spoken by the employees. These posters will be provided by the Wage and Hour Division as available. Defendants shall display the posters where employees may view them.

IX. Defendants shall orally inform all their employees in English and in any other language spoken by the employees of the their rights under the Fair Labor Standards Act, and the terms of this Judgment, including the payment of minimum wages and overtime and the rights of employees to engage in activity protected by the Act without fear of retaliation. The defendants shall so inform their employees within thirty (30) days of the entry of Judgment on a workday.

X. Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of defendant not listed in Exhibit A of this Judgment, be they current or former employees, to file any action against defendant under section 16(b) of the Act or likewise for any current or former employee listed on Exhibit A of this Judgment to file any action against defendant under section 16(b) of the Act for any violations alleged to have occurred after **July 21, 2012.**

XI. Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

4

**SO ORDERED:**

DATED: _____
       Central Islip, NY

                                                                         UNITED STATES DISTRICT JUDGE

Defendants have appeared by counsel and
Consent to the entry of this Judgment.

KDE EQUINE LLC
d.b.a. STEVE ASMUSSEN STABLES

BY: _____
STEVE ASMUSSEN, Individually and as President

_____
Attorneys for Defendants

STATE OF ~~NEW YORK~~ Arkansas )
                                     : SS:
COUNTY OF ~~NASSAU~~ Garland )

OFFICIAL SEAL - NO. 12364673
JAMIE RAE HOLLOMAN
NOTARY PUBLIC-ARKANSAS
GARLAND COUNTY
MY COMMISSION EXPIRES 03-07-18

On the 10 day of December, 2012 before me personally appeared STEVE ASMUSSEN to me known and known to me to be the individual described in and who executed the foregoing instrument and he duly acknowledged to me that he executed the same.

_Jamie Rae Holloman_
NOTARY PUBLIC

6

# EXHIBIT A

**KDE EQUINE LLC**
**d.b.a. STEVE ASMUSSEN STABLES**
**CASE ID 1624187**

| Last Name | First Name | BWs Due | Liquidated Damages | Totals |
|---|---|---|---|---|
| ACOSTA | RAUL | $843.00 | $421.50 | $1,264.50 |
| AGUILAR | JUANA | $454.00 | $227.00 | $681.00 |
| ALVAREZ | UBALDO | $1,411.50 | $705.75 | $2,117.25 |
| CALDRON | CEASER | $757.00 | $378.50 | $1,135.50 |
| CARPINTERO | CATALINA | $1,171.00 | $585.50 | $1,756.50 |
| CARPINTERO | MARCELLA | $730.00 | $365.00 | $1,095.00 |
| CHAVEZ | MECALA | $323.00 | $161.50 | $484.50 |
| CODARO | JAIRO | $173.91 | $86.96 | $260.87 |
| DONIS | VICTOR | $216.00 | $108.00 | $324.00 |
| ESCUDERO | JUAN ANIBAL | $498.00 | $249.00 | $747.00 |
| FLORES | VICTOR | $394.00 | $197.00 | $591.00 |
| HERNANDEZ | EDGAR | $2,343.00 | $1,171.50 | $3,514.50 |
| KIEBELS | JORDAN | $628.00 | $314.00 | $942.00 |
| LOPEZ | RAUL | $434.00 | $217.00 | $651.00 |
| MOLINA | ALBERTO | $678.00 | $339.00 | $1,017.00 |
| MOLINA | EDUARDO | $227.00 | $113.50 | $340.50 |

# EXHIBIT A

# EXHIBIT A

**KDE EQUINE LLC**
**d.b.a. STEVE ASMUSSEN STABLES**
**CASE ID 1624187**

| Last Name | First Name | BWs Due | Liquidated Damages | Totals |
|---|---|---|---|---|
| MORALES | VERONICA | $1,102.00 | $551.00 | $1,653.00 |
| ORANTES | RIGOBERTO | $72.00 | $36.00 | $108.00 |
| PEREZ | MELVIN | $72.00 | $36.00 | $108.00 |
| QUIROZ | FRANCOSCO | $576.00 | $288.00 | $864.00 |
| RAMZAN | ANTOOA | $136.00 | $68.00 | $204.00 |
| RIVAS | FABIAN | $351.90 | $175.95 | $527.85 |
| RIVERA | JAVIER | $1,428.00 | $714.00 | $2,142.00 |
| ROBLES | MARIA | $2,316.00 | $1,158.00 | $3,474.00 |
| SALDOVAR | GREGORIO ANTONIO | $116.00 | $58.00 | $174.00 |
| SOTO | SANDRA | $128.00 | $64.00 | $192.00 |
| TAYLOR | MAUREEN | $177.00 | $88.50 | $265.50 |
| VALDENITO | ELIZAR | $332.00 | $166.00 | $498.00 |
| VANCINI | SARAHY | $913.00 | $456.50 | $1,369.50 |
| VASQUEZ | ROMELLO | $396.00 | $198.00 | $594.00 |
| TOTALS | - | $19,397.31 | $9,698.66 | $29,095.97 |

# EXHIBIT A

8

# EXHIBIT B

**KDE EQUINE LLC**
**d.b.a. STEVE ASMUSSEN STABLES**
**CASE ID 1624187**

| Payment No. | DATE DUE | AMOUNT DUE | TOTAL DUE |
|---|---|---|---|
| 1 | 11/30/2012 | $29,095.97 | $29,095.97 |
| Totals: | - | $29,095.97 | $29,095.97 |

**EXHIBIT B**